This is case number 22-11024. Good morning, counsel. Good morning. May it please the court. My name is Nick Chenine and together with my co-counsel Chip Herron, we represent Mr. Al Zawawi, the appellant in this bankruptcy matter. The sole issue before this court is whether sections 103 and 109 of the Bankruptcy Code of the United States mean what they say and say what they mean. Because they do, the lower court erred by failing to apply the plain textual language of those two provisions and not enforce those provisions to grant the motion to dismiss when the debtor, putative debtor, Mr. Al Zawawi is not a resident of the United States, does not possess property in the United States, and there was no personal knowledge of anything that would otherwise alter those facts. Because the plain language must be applied, this comes to this court as a novel issue for the 11th, but not as a novel issue for circuit courts in the United States. Is it novel for the 11th? Well, the 11th has not directly decided this case. This issue since the enactment of the current codification of the language. What's the relevant statute that matters here? We believe that it is U.S. Codes 103 and 109 of the Bankruptcy Code. It seems to me that the only way that those provisions matter is if, the only way it matters is if we look at the definition of foreign proceeding. Do you agree with me there? I have no reason to contest that. Well, because the only way debtor comes into the play, debtor is not in the language of 1517, correct? That is correct, Your Honor. The only way it comes into play is by the reference to foreign proceeding, correct? That is absolutely correct. Okay. Have we interpreted the definition of foreign, the definition in 101, it used to be Section 22, now it's Section 23 of foreign proceeding? Your Honor, I'll admit that the cases that we're discussing here today have not directly Well, there's one case that both of you cite, and the district court relied on, and so I'm not surprising you. Let's talk about, I'm going to call it George, maybe it's interpreted. Maybe someone else has a better way to pronounce it. No, and you're correct, Your Honor, in that we both address that issue. It is our contention that because our issue here involves, our argument is, and it rises or falls upon it, is that it is the strict text of the current statute that controls. How is George, how is 101, old Section 22, new Section 23, changed in a way that matters to our holding in George? We believe that the ruling in George clearly aligned with the purposes underneath these statutes. I'm not saying I would agree with the decision. Right, right. And even though the author is sitting next to me, I'm not sure that I would agree with the decision. Certainly, Your Honor. What, although it's really well-written. Very well-written. Of course, of course. I'm simply asking if we're bound by it. So my question to you is, in what way has Section 101-23, old Section 101-22, changed such that we are no longer bound by George, whether it was correctly decided or not? Understood, Your Honor, and it is our position that the threshold, that the dual thresholds with 103 and 109 didn't mirror precisely the same language that was in the predecessor statute. Except that, and that may very well be true, but here is the ultimate issue that we decided in George. It decides a lot. Sure. But here's what we ultimately said. The anomaly, I'm quoting from page 1567, the anomaly created by the inclusion of the term debtor in the otherwise expansive definition of foreign proceeding could be resolved in either one of two ways.  The same definition of debtor controls, the same definition that still exists, notwithstanding the otherwise expansive definition of foreign proceeding. In other words, your position, alternatively, we could adopt the view that the term debtor, as used in the old section, but really we're referring to the foreign proceeding, incorporates the definition of debtor used by the forum in which the foreign proceeding is pending. Under this alternative view, the bankruptcy court has jurisdiction to entertain the petition provided that the debtor qualifies for relief under the applicable foreign law. In other words, if they're a debtor under the foreign law. And provided further that the foreign proceeding is that which is for purposes of liquidating the estate. And then the court goes through a bunch of stuff and then ultimately says, we pick the second one. How are we not bound by that? Your Honor, I would say first, again, because this is purely an interpretation of the language of the current code, it does free this court to revisit this because this court has certainly never visited this issue following the enactment of the current code. I would also say, Your Honor, that the United States Supreme Court has clearly made more recent pronouncements since Inouye George was entered. There's no doubt that the interpretive principles are different now. Correct. And I think that may have driven maybe a different decision in George. But the problem is, while certainly 1517 and the entire chapter 15 is different than 304, the term, the definition of foreign proceeding, I've done it literally side by side. It's changed some, but not with regard to the word debtor and how it would play out. And so I'm just telling you from my perspective, and I'm only speaking for myself, I'm having trouble and I want you to tell me otherwise. How I get around what I seem to be a binding decision on us. And so I would address that to this court to simply say that I continue to rely on the plain text of the new statute and it must be, if there's going to be a differentiation, it's going to primarily rest upon the fact that this court has not had the opportunity to visit this in light of the new statutory version. I would also state that it is, of course, the power of this court to revisit those rulings from when it's so long ago that it's from a prior version and that's no longer a standing version at all, that they changed the whole code. I concur, Your Honor, that these provisions are, in fact, similar to the old provision. Can we address, actually, the language of section 103? Sure. I'm assuming that you're relying on the second portion and the chapter? That is correct. The section 103A reads that except as provided in another section, not applicable here, chapters 1, 3, and 5 of this title apply in a case under 7, 11, 12, or 13, the much more common bankruptcy codes. 15 being an ancillary proceeding is quite rare relative to those. But of course, it is the second part of that sentence that we do rely on, just as the Second Circuit did in Ray Barrett. Can I ask you, when I read this, because the first portion talks about chapters 1, 3, and 5 apply in total to chapter 7, 11, 12, and 13 proceedings, right? In total. There's no carve-out. Yes, Your Honor. When you read the second section, it says this chapter, and by that they're referring to chapter 1, sections 307, 36020, 555 through 557, and 559 through 562 apply in a case under chapter 15. Yes, Your Honor. Does that not indicate that then those are the only sections that apply in terms of that we look at? I'm believing I'm agreeing with you in that that's exactly why it is that the plain textualist interpretation greatly supports the Second Circuit's interpretation in Ray Barnett, and requires a reversal here, because unlike those other provisions for the more common bankruptcy section 7, 11, 13, for chapter 15, they said, no, we're not going to adopt wholesale an entire chapter except for one chapter, chapter 1. That's the one chapter that we are going to incorporate over. Other than chapter 1, we are going to cherry-pick only these select sections, 307, 362, 555 through 557, 559 through 562, and that's it. The universe for 15 is much smaller, but that universe is absolutely inclusive of chapter 1, and because it is, that includes chapter 1's threshold gate that you must get through. You may not ride this attraction unless you're this tall or higher. That's what this is, that section 111, 109, which is part of chapter 1, has its initial threshold requirement, notwithstanding any other provision of the section, and they go through other exceptions. How do you read that? Because when I read this, it implies to me that 109 doesn't apply. The only one that applies are, if I'm looking at chapter 15, I only look at section 307, 362, 555 through 557, or 559 through 562. So if we go back to 103A, it's important, and I really don't think there's argument on this part of the statutory construction in any of the cases, that the comma that precedes and this chapter, sections this, this, and this, and this, apply to a case under chapter 15, that includes and this chapter. Admittedly, a more clear statutory writing would have put a semicolon there instead of a comma, but we're not about to espouse this court rewriting the statute as written. We're here trying to convince this court to apply as Bostock would require, a plain textualist reading. And even the underlying cases that go against us from lower courts within the 11th, but not the 11th itself, have resolved this, that that does include chapter 1, but then for policy reasons, or model code reasons, or other interpretive reasons that we can't reconcile this with other provisions of the bankruptcy code. That's the reasons that they disagree, and I'm going to let them tell you about that, and I look forward to being back on rebuttal. Thank you, counsel. Good morning. Good morning. May it please the court. Good morning, Ms. Blanco. Laysa Blanco from Secur Law, joined by my colleague, Juan Mendoza, on behalf of the foreign representatives, one of whom is present today in the courtroom. So you didn't argue that George was binding. I know you argued it as persuasive authority, but you did not argue it as binding, correct? We did not, your honor. So you don't think it's binding? Your honor, I think it's persuasive. I don't think it's binding. Tell me why you don't think it's binding. Because we have a new statute that's the chapter 15 statute. How does that affect, though, the underlying, in other words, there's no doubt that there's a new statute. I mean, there's no doubt. But the whole concept of debtor is imported through not the statute. It wasn't in 304, and it's not in 1517. It's imported through the definition of foreign proceeding, and that has had, at least with regard to debtor and how it relates to the bankruptcy, seems to be very similar or the same. Your honor, it is similar, certainly. And I would agree with the court that the instructive nature of Goward and its decision regarding its application of the definition of debtor, particularly when Judge Choflat writes for the court and says, essentially, that, and let me find this quote, but essentially, the court writes, because the focus is on making the United States processes available in aid of foreign proceedings and not actual bankruptcy administration, it would make little sense to require that the subject of the foreign proceeding qualify as a debtor under United States bankruptcy law. Clearly that's the same. It's the same purpose. That analysis totally fits within the Chapter 15. I will tell you this, Ms. Blanco, absent George and whether it's binding or not, I'm having a lot of trouble seeing how textually 103A does not import all the requirements of Chapter 15, or Chapter 1 into Chapter 15, and how 109's definition of debtor wouldn't be required to apply to the reference to debtor in foreign proceedings. I'm having a lot of trouble with that. Your Honor, let me help with that. Let's look at 1502, because 1502, within the Chapter 15, which is meant to be self-encompassing in terms of the way that it works as it relates to the Title 11 as a whole, 1502 has its own is the subject of a foreign proceeding. This happens not infrequently in law, especially when you have a United States code that's now almost 50 titles long and takes up an entire bookshelf, that you have statutes that conflict with each other. There's a way to deal with that. One way is to apply the specific over the general, which is essentially what you're asking. There's a specific definition for Chapter 15 and a general one that applies to the entire code, so we should look to 15. But the problem is, if you read the case law about applying that canon of construction, it says that where possible, we should reconcile these two things. In other words, we don't read out the general for the specific, we read them in harmony. Why can't it be read in harmony to suggest that you are a debtor under Chapter 15, and to the extent it's not inconsistent, you must also be a debtor under 109A? It can't be read in harmony, Your Honor, because if you read it that way, then you would essentially be reading Chapter 15 to make several provisions of Chapter 15 superfluous. So you don't make it superfluous, you apply it where they are inconsistent, you apply the specific. But you're not in a state, right? We are not. You are not a government unit. We are not. Right. So you are a person, as defined by the code, right? In other words, there's no conflict for you. You apply as an entity, you're an entity, and you're also a person. I assume the court is referencing the proceeding or the debtor. See, I represent the foreign representative. I know who you represent. Right? Yeah. So the definition of debtor relates to a debtor in the proceeding. Right. That's the whole focus. We have to refocus.  They're an entity because they're a person, but they're also a person because they're a person. That's right. In other words, there's no inconsistency as to this particular debtor. There is not, Your Honor. Isn't that the problem for you? Where that's the case, we have to read it in harmony? It is not, Your Honor, because if the court reads the 109 requirement that way, then it's going to cause conflict for several other parts of the Chapter 15 statute. Tell me which ones. So, for example, Your Honor, in 28 U.S.C. 1410, that is the venue statute that was enacted at the same time. Right. The venue statute simply says that it should be brought where your primary place of business is. Doesn't that presume that there is going to be some property that's here, and it may be the primary? I'm sorry. I think it's principal. It may be the principal residence or the principal property, or it may not be? Well, yes, Your Honor. So the first venue selection is where there's a principal business or asset. Right. But what I'm saying is, doesn't that account for the fact that 109 requires that there be domicile residence or ownership in the United States? No, Judge, because that statute continues and says, and if that doesn't apply, then venue lies where there's pending litigation. Where you don't have a principal residence, or a principal domicile, or a principal place of business. But if you have just the property here that's not your principal, then we look to these other sections, right? I'm not suggesting, Your Honor. I think it's principal or not. In other words- Well, it says principal. Doesn't the first one you read, read that first one. It does, Your Honor. It does say principal. Right. But it does not say if you have no property. It says, a case under Chapter 15 of Title XI may be commenced in the District Court of the United States for the District in which a debtor has a principal place of business or principal asset. Right. So if they don't have it, if they have just some property, but it isn't their principal, you have to look to the other sections. So then the next section says, Your Honor, if the debtor does not have a place of business or assets. Right. So that is what we're talking about, a debtor who has no business or assets. It doesn't say principal in that second section, okay? Right. But for 109 to apply, it could be property, or it could be residence, or it could be domicile, it could be any number of things. So Judge, if we look to or, right, then or in a case where there's not either the first, a principal place, or any place of business or asset, then you also have this other option. So it's assuming that there can be a case in which there are no assets at all. Agreed. To the extent that someone could have- But 109 applies not just to assets. I know that's what we're largely talking about, but it applies to residence and domicile. Yes, Your Honor, but the concept that someone could reside here and have no assets is a concept raised in the appellant's arguments, but they have no example. And I could not honestly think of one in which that could be true. Oh, I think there are a lot of ex-spouses who put all their property outside this country. I don't think that's unusual in the least. Your Honor, but that ignores the fact that to reside here, they would have to have no clothing, no shoes, no- Right, I have a BVI trust that has all my property in it. I understand that, Your Honor, but does the BVI trust have your statutory rights in terms of the Florida statutes that give you under the Florida Supreme Court's- So that gets into whether being a corporate officer is a property interest, right? And that does, Your Honor, but the problem with Barnett, and that's where we're at, right? The entire argument in the appellant's brief is based upon the Barnett ruling. And the Barnett ruling says the property issue is overlaid onto this entire Chapter 15 whose purpose is not to recognize a debtor. It's not about the debtor's assets. It's about a proceeding that's pending elsewhere. And the concept is, one, we're ignoring the international origin, the legislative history, which is a statutory construction principle that says that if this court finds any conflict or ambiguity, we have to look there. So there's house reports that are telling this court, you have to look at the guide to enactment, you have to consider the international origin. And this legislative intent says the proceeding satisfies 1515 and 1506, and therefore, recognition should follow. There's no other threshold. So the plain meaning that we're hearing from appellant has to be the plain meaning of 1517. It has three requirements. They don't say 109. And if they are met, the court shall recognize. So it's a mandatory requirement. But you agree with me that once you look at the definition of foreign proceeding, the concept of a debtor does come into play? It does, Your Honor, but that's the debtor for purposes of Chapter 15 as defined in 1517, not as defined in 10113. I think we have your argument. Thank you. Thank you, Your Honor. We're going to hear from Miki. Thank you, Your Honors, for agreeing to hear from us. My first point would be to just emphasize the international significance of this issue. There are now 55 jurisdictions that have adopted the model law. As Ms. Blanco said, uniformity among those jurisdictions in its application is important and is emphasized, if you will, by the legislative. There is no doubt. I've dug into this the best that I can. I am not an international law expert or a bankruptcy expert, but I've dug into this. And I agree with you that it looks like no other country that has adopted the model law has adopted a definition of debtor like we have in 109. But Congress made a decision here, whether it did so intentionally or not, to incorporate the 109 into, at least in some way, into Chapter 15. And I'm trying to understand how that could work in a way that does justice to the language of the statute. Let me try to answer that. First of all, there are components of Section 109 that are specifically incorporated into Chapter 15. And they are the ones that define exclusions from Chapter 15. And they deal with regulated entities and with what we would call consumer debtors, debtors under the Chapter 13 wage limit. Section 109 also applies in those situations where a foreign representative, after recognition, decides that a full bankruptcy case is necessary for some reason. In that full bankruptcy case, 109 would apply to the debtor. But in every other situation, Section 1502 in the definition overrides the 109 definition because, let me just say because, and then you can tell me why I'm wrong. Well, I'm not asking why you're wrong. I'm just, what I'm asking is why, if you agree that there's conflict, how do we not read them in harmony? Isn't that what we're required to do? In other words, it's rare where you have two definitions of the same term and you're saying, for these a few sections, we apply this definition. And for these few sections, we apply this one. That's odd where Congress hasn't set up for us to do that. And so what you have is conflict and isn't our obligation to read them in harmony. Because I think reading them in strict harmony over applies Section 109A. There are parts of perhaps all statutes, but certainly the Bankruptcy Code, where you cannot literally apply every single section that would technically be under the statutory language umbrella. That's never a great argument for me that you literally can't do what Congress is telling us to do. Well, were you to look at the other elements of Section 109, they would require, if it literally applied, a debtor in a foreign proceeding to undergo credit counseling. They would require the debtor in the foreign proceeding to comply with the debtor's duties under Section 501, Files, Schedules of Assets, Statement of Liabilities. That's clearly not contemplated by the structure of Chapter 15. So it seems to me you can't literally apply every subsection of Section 109A because it just doesn't make sense. It doesn't work with the rest of the statute. So I think that means you have to apply it selectively to the extent that it does work and that it does make sense under the rest of the statute. I think the one other point that perhaps has not been emphasized enough is that the Section 1502 definition says, for the purposes of Chapter 15, you apply the foreign debtor definition. Every other definitional section in the Bankruptcy Code, and there are some in several of the different chapters, say, in this chapter, this definition means, versus Section 1502 that says, for the purposes of Chapter 15, which to me makes it much more expansive. And if you read the term foreign debtor and try to apply that in Section 109A, it doesn't fit. So where I agree with you is that where there would be a conflict between the specific and the general, the specific would have to apply. So I think, for example, if the debtor here were an estate, then where the definition of 109 would not apply because an estate cannot be a person, from what I understand, it could be a debtor for purposes of Chapter 15. So Chapter 15 would weigh out there. But here, we don't seem to have a conflict. We have certainly a gap, but we don't really have a conflict, do we? Well, I think perhaps you do, because I do think the foreign definition, the foreign debtor definition is different, and therefore it does conflict. But in either way, aren't you supposed to read things to make the whole statute work, you know, holistically? And to do that, you can't read 109A as imposing this threshold requirement that no one else in the world has imposed, and that I don't think Congress thought it imposed, because Congress in its legislative history says that all that needs to be satisfied is Section 1517. And if you satisfy 1517, recognition shall be granted. That language was never mentioned in the Barnett case, but that language is what I think governs it. Thank you, Counsel. We will hear the rebuttal in five minutes, please. Thank you, Your Honors. And thank you to the amicus for appearing, appreciate what we've heard there. And I will address that first. I want to, let me jump in, because I want to address that last point. So I'm not as much interested in legislative history, but I am very interested in legislative text. And so Chapter 15 has some interesting parts to it. So 1501A says, the purpose of this chapter is to incorporate the model law on cross-border insolvency so as to provide effective mechanisms for dealing with cases on cross-border insolvency. And then, interestingly, sorry, I want to make sure I get the right section here. It also says that when interpreting Chapter 15, we should, quote, shall consider its international origins and, quote, the application of similar statutes adopted by foreign jurisdictions. It seems to me Congress is telling us we're required to look at foreign jurisdictions and how they apply this in interpreting and understanding this thing. Your Honor, it does. It's got a lot of, as you know, it's got a lot of provisions, not all of which can be readily harmonized with each other. I will tell you this. The model law does not have a definition of debtor like this. It's consistent with the one in Chapter 15. And to the extent that I've been able to look at other jurisdictions, nobody else has done what we have done. And that is correct, but that is precisely why, as Your Honor has already indicated, we really must look to Congress and what it elected to put into its text as paramount. And the reason I say that is that this is, amicus has been clear, not just now before this court, but before all of the courts where it has been able to argue and has issued letters to Congress saying, dear Congress, here's what In re Barnett said and here's why we don't agree and here's how you can fix it. And that's exactly the right way for them to go about that change. If they see a problem, they should get Congress to change it. And they've tried. They have, they have written Senator Graham and they've written Senator Feinstein. But those senators have elected to not change a word. No commas, no deletions, nothing. Instead, the language that we had when In re Barnett was decided is the language that we have today. And it's the language that this court must apply. To the extent we have a conflict in definitions and, and there, there's a conflict, at least to some extent, certainly we have to, it seems to suggest that we have to look at the model law and how it's been applied by other countries. We would definitely be required to look at that law if that was a conflict that this court couldn't otherwise harmonize. And the, I'm not sure it says that. In other words, certainly like without these, the interpretive principle would be we apply the canons and, and all are interpretive. But here you have Congress essentially telling us here, here's the job I want you to go about doing in interpreting these statutes. That seems to be a little different than, than the normal interpretive framework we have. And, and again, I, I will agree. It's simply that because the language is, is, is as clear as, as the second circuit found it to be in In re Barnett, they, they went through each and every exception that was thrown at them as to why there's, there's something that couldn't be harmonized. And, and as, as did you when, when former argument was going, those, those dis, disjun, disunions can be readily harmonized when just strictly applying the plain language of 109. And when we look at what, uh, you know, we've been taught in Bostock that when the expressed terms of a statute gives us one answer and extra textual considerations give us another and clearly policy and model code and other such things as the definition of extra contractual, it is no contest. Only the written word is the law and all persons are entitled to it. You think that would have come out the same way if Title VII had said, in looking at this, you must look to have how we've adopted the model Title VII from, uh, that's been, uh, agreed to by 50 countries and how those countries have applied it. Having read Justice Gorsuch's, uh, dissertation on, on that interpretation, I still believe the answer to be yes, it would have come out the same way. But it agreed, Your Honor, that that is an interesting addition. And I believe if it were, if it were grayer, if the language could be given two meanings or even a meaning and a half. So you think only where there's not a fair reading in your way or there's some ambiguity would we then go look at those things? That is, that is my opinion, Your Honor, that it's the thumb that would go on the scale if there is something to be weighed. If the, if the reading of the text gives you two answers and you, you're, you're not sure at all that they tell you, use the model code, use the model language. Here that did not occur. We do have a, a plain reading and to the extent that this court does feel bound by Emory George, we just heard how this is a matter of international significance. En banc would be appropriate if this court decided it, it was so required, but we urge that it is not that because Emory George was a prior statute, this court has the authority and we respectfully request this court to reverse and to instruct the lower court to grant the dismissal. Thank you, counsel. And we thank Amiki for appearing and we are adjourned. Thank you so much.